IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-00616-FL

| | |
|---|---|
| **United States of America, ex rel. Santhosh Reddy Devarapally**, <br><br> Plaintiff, <br><br> v. <br><br> **Ferncreek Cardiology, P.A., et al.**, <br><br> Defendants. | **Order** |

Santhosh Reddy Devarapally filed a complaint in December 2017 alleging that the Defendants violated the False Claims Act. The Act requires Devarapally, who is known as the Relator, to file the complaint under seal and serve a copy of it on the United States. 31 U.S.C. § 3730(b)(2). The complaint remains under seal for "at least 60 days" and is not served on the defendant. *Id.*

During that 60-day period, the United States must decide whether it wishes to "intervene and proceed with the action[.]" *Id.* If 60 days is not enough time for the United States to decide whether to intervene, it may ask the court to extend that period and keep the complaint under seal. *Id.* § 3730(b)(3). "Any such motions may be supported by affidavits or other submissions in camera." *Id.* If the United States shows good cause for an extension, the court must grant its request. *Id.*

The United States and the State of North Carolina (collectively "the Governments") sought several extensions of time to make their election to intervene. And each time they sought an extension, they submitted a motion and supporting memorandum. Those documents, like the

complaint, were filed under seal. Ultimately, in October 2021—nearly four years after the complaint's filing—the Governments elected to intervene on some of Devarapally's claims. Notice of Election, D.E. 37. In their notice, the Governments asked, among other things, that the court unseal their motions for an extension of the time to intervene, but not the supporting memorandum. *Id.* at 3. The court granted that request. Oct. 18, 2021 Order, D.E. 38. Then, in January 2022, the Governments filed a complaint in intervention in January 2022. D.E. 40.

Defendants now ask the court to unseal (or otherwise give them access to) the memoranda the Governments submitted in support of their motions for extension of time. They claim that they need to review these documents to determine whether the Governments adequately investigated the Relator's claims before intervening and to determine whether they have a valid statute of limitations defense. The Governments oppose this request. They claim Defendants have not shown a valid need for the information in the memoranda and that any benefit gained from unsealing those documents is outweighed by the harm the Governments would suffer as a result.

Neither the FCA, nor the Fourth Circuit or the Supreme Court have provided the court with the standard to apply when assessing whether to keep the supporting memoranda under seal after the complaint has been unsealed. The parties all assert that the court should apply a test that balances the Defendants' need for the information against the harm to the Governments caused by its disclosures.[1] Many courts have applied that type of standard. *See United States ex rel. Powell*

---

[1] Typically, questions of whether documents should be sealed are addressed by considering whether the public has either a common law or First Amendment right to access the documents. *See Va. Dep't of State Police* v. *Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). And some courts have applied that standard in determining whether to keep similar documents under seal. *See United States ex rel. Smith* v. *Carolina Comprehensive Health Network, P.A.*, Case No. 1:16-CV-00234, 2021 WL 325705 (M.D.N.C. Feb. 1, 2021). But given the split of authority on the proper test to apply and the fact that neither party has developed arguments on this point, the court will apply the balancing test they propose and that other courts have adopted.

v. *Aerocare Holdings, Inc.*, Case No. 3:18-CV-00286, 2022 WL 829497 (W.D. Ky. Mar. 18, 2022) (citing cases).

Applying the standard put forward by the parties, the court finds no need to unseal the supporting memoranda. To begin with, the Defendants have failed to establish a need for the documents. Although they claim that the need to review the supporting memoranda to determine the sufficiency of the Governments' pre-intervention investigation, they have not shown why the quality of that investigation is relevant at this point in the case. The court has already determined that the Governments' allegations state a claim for relief. March 2, 2023 Order, D.E. 70. So whatever shortcomings there might be in the Governments' investigation, they are not severe enough to preclude them from pursuing their claim.[2]

Defendants other argument, that they need to review the contents of the memoranda to support their statute of limitations defense, is also unpersuasive. They claim that a review of the memoranda will allow them to "determine whether the Governments have abused the process permitting them to obtain extension under seal, and the interaction of that abuse with the statute of limitations and a failure to prosecute." Mem. in Supp. at 8. This information is necessary, Defendants maintain, to assess whether the Governments were entitled to tolling of the six-year statute of limitations applicable to FCA claims under 31 U.S.C. § 3731(b)(2).[3] *Id.*

But as the Governments note, they are not relying on the FCA's tolling provision to establish the timeliness of their complaint. Instead, they rely on the FCA's relation-back provision,

---

[2] Another tool for challenging the adequacy of a party's prefiling investigation into the support for its claims is a motion under Rule 11. Defendants have not argued that the Governments' filings violate that Rule.

[3] That statute provides that "[a] civil action under [the FCA] may not be brought . . . more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances[.]" 31 U.S.C. §§ 3731(b) & (b)(2).

3

which says that when the Government elects to intervene, "[f]or statute of limitations purposes" its complaint "shall relate back to the filing date of the complaint of the person who originally brought the action, to the extent that the claim of the Government arises out of the conduct, transactions, or occurrences set forth, or attempted to be set forth, in the prior complaint of that person." *Id.* § 3731(c). Defendants have not pointed to any case in which the applicability of § 3731(c) depended on what the Governments did while they were determining whether to intervene.[4] So given the Governments' position, the contents of the supporting memoranda appear irrelevant to the statute of limitations question.

Having considered Defendants' need for the information, the court turns to the harm that the Governments would suffer if the information were disclosed. Courts are more likely to keep supporting memoranda under seal if unsealing the document would result in "disclosure of confidential investigative techniques, of information which could jeopardize an ongoing investigation, or of matters which could injure non-parties[.]" *United States ex rel. Mikes* v. *Straus*, 846 F. Supp. 21, 23 (S.D.N.Y. 1994). Discussion of investigative techniques "such as what items might be looked for in an audit, what types of employees of an entity should be contacted and how, what laboratory tests might be utilized, or the like" will justify keeping the documents under seal.

---

[4] Defendants rely on *United State ex rel. Martin* v. *Life Care Centers of America, Inc.*, 912 F. Supp. 2d 618 (E.D. Tenn. 2016), in support of this portion of their argument. But that case did not establish an affirmative defense based on an abuse of 31 U.S.C. § 3730(b)(3). Instead, it addressed the United States' request to keep certain documents under seal after intervention. *Id.* at 623. And, importantly, the documents it sought to keep under seal were "not supporting documents for their requested extensions." *Id.* at 626. Instead, it wanted to "retain certain documents under seal to protect the identity of cooperating witnesses until such time as the [G]overnment may be compelled to disclose their identities under applicable rules of discovery." *Id.* (quotations omitted). So *Martin* does not support the relief Defendants' seek.

They also point the court to *United States ex rel. Aldridge* v. *Corp. Mgmt. Inc.*, 78 F.4th 727, 744 (5th Cir. 2023), in support of their abuse of process argument. But in that case the Fifth Circuit explained, "Appellants provide no precedent, and we are aware of none, where such an extraordinary sanction as dismissal has been awarded because of the Government's inexcusable delays in intervening in a relator's case." *Id.*

*Id.* But a document that "describes routine investigative procedures which anyone with rudimentary knowledge of investigative processes would assume would be utilized in the regular course of business" is likely to be unsealed. *Id.*

The Governments argue that they would suffer great harm if the memoranda were disclosed. They maintain that the documents discuss "non-public procedures and strategies that reveal, to at least some degree, the Governments [sic] thought processes and how the Governments evaluate and handle fraud investigations." Mem. in Opp. at 25. Since the documents remain under seal, Defendants cannot challenge these assertions.

The court has, however, reviewed the supporting memoranda and heard from the Governments on why they believe the documents should remain sealed. The court agrees that portions of those documents contain particularized information that goes beyond the rudimentary details of a fraud investigation. They include discussions of the types of documents and information the Governments were interested in obtaining before deciding whether to intervene, the witnesses they wished to speak with, and particular types of information that were the focus of their investigation. So there is the potential that the Governments will suffer harm if Defendants are able to access those documents.

In the end, the balancing test put forward by the parties supports keeping the documents under seal. Defendants have failed to persuade the court that they need the information contained in the sealed memoranda to pursue their defenses. And the Governments have shown that there is the potential for harm if the documents are unsealed. Thus, the motion to unseal (D.E. 91) is denied. And, as a result, the court grants the motion to maintain the redacted copies of the supporting memoranda under seal. D.E. 97.

5

Case 5:17-cv-00616-FL-RN    Document 107    Filed 06/13/24    Page 5 of 6

Dated: June 13, 2024

_____
Robert T. Numbers, II
United States Magistrate Judge